IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MACAHILAS,

      Plaintiff,                    No. CIV S-06-502 GEB KJM P

  vs.

R.N. TAYLOR, et al.,

      Defendants.          ORDER

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983, alleging that defendants Taylor and Stores were deliberately indifferent to his serious medical needs. These defendants filed their answer on April 9, 2008.

        On April 23, 2008, plaintiff filed a motion to amend his complaint in several respects. First, he seeks to add defendants Galloway, Douglas, Williams, McAllister and Bauer. Second, he asks to amend the complaint to allege an Eighth Amendment violation. His proposed amended complaint would dismiss Stores from the action, because he is not named in the amended complaint; the proposed amended complaint also changes the allegations against defendant Taylor so significantly that the court would not order service on her were it screening this document.

/////

1   Plaintiff alleges that he learned of the involvement of defendants Galloway,
2 McAllister, Bauer and Douglas when he reviewed his medical file.  Defendant Williams is
3 identified only as the Chief Medical Officer of Mule Creek State Prison (MCSP); plaintiff does
4 not allege that he only recently learned of Dr. Williams' involvement in medical care at MCSP.
5   Under Rule 15(a)(1)(B), (2) of the Federal Rules of Civil Procedure, once a
6 responsive pleading has been filed, a plaintiff must obtain leave of the court before he may file
7 an amended complaint.  Although leave to amend should be freely given, the court must also
8 determine whether "justice so requires."  See Caswell v. Calderon, 363 F.3d 832, 837 (9th Cir.
9 2004).  In assessing the propriety of a motion for leave to amend, a court considers five factors:
10 (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and
11 (5) whether plaintiff has previously amended the complaint.  Nunes v. Ashcroft, 375 F.3d 805,
12 809 (9th Cir. 2004).  A motion to amend may be denied if the amendment would be futile or
13 would prejudice the opposing party or when the plaintiff "knew or should have known of the
14 facts and theories raised by the amendment in the original pleading."  AmerisourceBergen
15 Corporation v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation,
16 citation omitted); Johnson v. Bank of Hawaii, 902 F.3d 1385, 1387 (9th Cir. 1990) (prejudice to
17 the opposing party); Nunes v. Ashcroft, 348 F.3d at 818 (futility alone can justify the denial of a
18 motion).[1]
19 /////
20 /////
21 /////
22 /////

---

[1] Defendants make the fairly puzzling argument that the court should deny the motion because of prejudice to the proposed new defendants.  The inquiry mandated by the rule, however, is whether the current defendants will be harmed by the amendment.

Defendants' argument about the statute of limitations also is not well taken.  By their own math, the action against them would be timely.

A. <u>Bauer, McAllister, Douglas and Galloway</u>

Plaintiff alleges that on April 3, 2008, he reviewed his medical file maintained by CDCR and discovered a number of documents he had not seen before, which showed the involvement of these four proposed defendants. Defendants counter that these four proposed defendants are named in exhibits attached to the complaint filed March 10, 2006. Defendants are correct.

Plaintiff attached copies of medical records from CDCR as exhibit B to the original complaint. One record, dated January 6, 2005, is a Health Care Services Request Form documenting plaintiff's request to be seen because he was coughing up blood; the response from the triage nurse is signed by R. McAllister. Complaint (Compl.), Ex. B at 18.[2] An undated Emergency Care Record signed by C. Bauer recounts plaintiff's difficulty in breathing and pain. Compl., Ex. B at 19. A page of physician's orders dated December 23, 2004 contains an order for cough drops, signed by Dr. Galloway. A page of interdisciplinary progress notes, although hard to read, appears to be signed by G. Douglas and notes that an admission for pain was complete with no evidence of disease. Compl., Ex. B at 21.

In his reply, plaintiff argues that he did not know of Dr. Douglas's involvement even when he was preparing the amended complaint until he received the complete form signed by C. Bauer, for Dr. Douglas's involvement is described on the back. Reply at Exs. 5-6. He does not explain, however, why the page of interdisciplinary progress notes did not put him on notice of Dr. Douglas's role. He also does not address why the medical records attached to his original complaint failed to provide sufficient information for him to include these proposed defendants. Plaintiff knew or should have known about these defendants when he filed his original complaint.

/////

---

[2] The court is using the page numbers assigned by the CM/ECF system.

B.  Williams

Although plaintiff names Williams in the list of proposed new defendants, he does not allege that Williams acted or failed to act during the time plaintiff was seeking treatment for his pneumonia.  Proposed Amended Complaint ¶ 7.  He describes Williams as the Chief Medical Officer of MCSP with broad duties and responsibilities.

A plaintiff must connect the named defendants clearly with the claimed denial of his rights.  Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury);  Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").   Plaintiff's proposed amended complaint does not satisfy these standards as to defendant Williams.

In his reply, plaintiff argues, in essence, that because Williams is a defendant in other cases involving medical care, he is similarly liable in this case.  That other complaints may have been pleaded differently and appropriately against Dr. Williams does not render this proposed amended complaint sufficient as to him.  Allowing this amendment to go forward would be futile.

IT THEREFORE ORDERED that plaintiff's motion for leave to file an amended complaint (docket no. 27) is denied.

DATED: June 20, 2008.

_____
U.S. MAGISTRATE JUDGE

2/maca0502.amd