IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MACAHILAS,

     Plaintiff,                     No. CIV S-06-0502 GEB KJM P

   vs.

R.N. TAYLOR, et al.,

     Defendants.         <u>ORDER</u>

        Plaintiff is a prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  On April 11, 2008, the court issued a scheduling order setting August 8, 2008, as the close of discovery.  On August 7, 2008, plaintiff filed an application for an extension of the discovery cut-off date.  Defendants have opposed the motion, in part based on the effort they already have expended on preparing a summary judgment motion.

        Under Rule 56(f), which is instructive in the instant circumstances, a court may "refuse the application for judgment or may order a continuance" when the party opposing summary judgment submits an affidavit showing he cannot present facts essential to the opposition without further discovery.

/////

/////

1

> A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment.

Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006). Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment. Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986). This court has wide latitude in controlling discovery. United States v. Kitsap Physicians Service, 314 F.3d 995, 1000 (9th Cir. 2002).

Plaintiff has submitted an affidavit, explaining that his jailhouse lawyer did not undertake discovery in a timely fashion, but rather concentrated on preparing a motion to amend the complaint. Once plaintiff realized the omission and secured the return of his legal papers, he could not serve his discovery requests in a timely fashion. Declaration of Michael Macahilas ¶¶4-5. Plaintiff does not explain, however, what facts he anticipates he will be able to develop through an extended discovery process or otherwise explain how his pursuit of discovery will enable him to oppose summary judgment.

IT IS THEREFORE ORDERED that:

1. Plaintiff's request for additional time to conduct discovery (docket no. 34) is denied; and

2. In light of the pending motion for summary judgment, the dates for pretrial statements, pretrial conference and trial, set in the scheduling order (docket no. 25) are vacated, to be reset if necessary, following resolution of the motion.

DATED: November 24, 2008.

_____
U.S. MAGISTRATE JUDGE

2

1  maca0502.56(f)
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26